UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
PERSHA J. LETTMAN

                Plaintiff(s),

-against -


ROBERTSON, ANSCHUTZ, SCHNEID,
CRANE & PARTNERS PLLC, NATIONSTAR
MORTGAGE LLC d/b/a MR. COOPER

                Defendant(s).
-------------------------------------------------------------X

**Docket No:**

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff, PERSHA J. LETTMAN (hereinafter collectively referred to as "Plaintiff"), by way of their complaint allege the following:

## INTRODUCTION

1. Plaintiff, through her undersigned counsel brings this class action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1962 ("FDCPA"), and the New York Deceptive Acts and Practices law, General Business Law § 349. These laws prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## JURISDICTION AND VENUE

2. Jurisdiction is premised on 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue is premised on 28 U.S.C. § 1391 in that the conduct complained of occurred within the territorial jurisdiction of this Court.

## PARTIES

3. Plaintiff PERSHA J. LETTMAN is a natural person who resides in Queens County, State of New York.

-1-

4. Plaintiff is a consumer as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

5. Upon information and belief, Robertson, Anschutz, Schneid,Crane & Partners PLLC (hereinafter "RASCP"), is a law firm with its primary place of business located at 900 Merchants Concourse, Suite 310, Westbury, New York 11590 145 Huguenot Street, Suite 210, New Rochelle, NY 10801.

6. Upon information and belief, NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER (hereinafter "Nationstar") is a foreign business corporation, with its registered agent at Corporation Service Company, 80 State Street. Albany, New York, 12207-2543.

7. Plaintiff alleges, upon information and belief, that Defendants regularly collect or attempt to collect consumer debts owed or due or asserted to be owed or due another, and that the principal purpose of each Defendant's business is debt collection, i.e. that more than half of Defendants' respective revenues derive from debt collection.

8. Upon information and belief, each Defendant is a "debt collector" under 15 U.S.C. 1692(a) because Defendants' regularly use the mail, telephone, and /or other instrumentality or interstate commerce to attempt to collect, directly or indirectly, defaulted consume debt that it did not originate.

9. Defendant RASCP is a "debt collector" under 15 U.S.C. 1692. Defendant's primary business is the prosecution of foreclosure actions, specifically in New York. Upon calling Defendant's Westbury office by phone, one will hear the disclaimer: "Please be advised that this firm is attempting to collect a debt and any information obtained will be used for that purpose."

10. Upon information and belief, Defendant Nationstar is a "debt collectors" under 15 U.S.C. 1692 because on information and belief they acquired Plaintiff's debt after it allegedly went into default.

11. Defendant Nationstar is admittedly a "debt collector" under 15 U.S.C. 1692. For example, when calling Nationstar's customer service line, callers will hear the following message "We are a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose."

12. Upon information and belief, Defendant Nationstar controls RASCP's collection activities, such that there exists principal-agent relationship between Nationstar and RASCP.

## STATEMENT OF FACTS

13. On or about April 23, 2008, Defendant Lettman purchased the property located at 41 Fourth Street, Valley Stream, NY 11581, ("Subject Property").

14. On or about April 23, 2008, presumably to finance the purchase of the Subject Property, Defendant allegedly took out a mortgage in the principal amount of $649,803.00 from Mortgage Electronic Registration Systems, Inc. (hereinafter "Mortgage").

15. On or about July 6, 2009, Mortgage Electronic Registration Systems, Inc. assigned said mortgage to Federal National Mortgage Association ("FNMA").

16. On or about May 23, 2013, FNMA assigned said mortgage to Defendant Nationstar.

17. On or about December 2, 2013, Nationstar commenced a foreclosure action ("2013 Foreclosure") in Nassau County Supreme Court under index no: 11415/2013 with the filing of a summons and complaint.

18. Of note, with the filing of the summons and complaint, Nationstar declared a default as against the mortgagor, the Plaintiff, and accelerated the mortgage payments to make all amounts due. On information and belief Nationstar obtained the note of the Subject Premises after the debt has already been defaulted on.

19. On or about May 18, 2016 a judgment of foreclosure and sale was entered.

20. On or about December 5, 2019, after a traverse hearing, the 2013 Foreclosure was dismissed.

21. The 2013 Foreclosure was dismissed for Plaintiff's failure to obtain personal jurisdiction over Defendant Lettman.

22. There was no affirmative act on the part of any of the Defendants to revoke its election to accelerate, as required by controlling New York law.

23. On or about March 3, 2020, after the expiration of the statute of limitations, Defendant RASCP filed a foreclosure action (hereinafter "2020 Foreclosure Action") in Nassau County Supreme Court, under index number 603298/2020, on behalf of Defendant Nationstar against Plaintiff.

24. Upon information and belief, Defendant RAS commenced the 2020 Foreclosure Action at the behest of and under the direction of Defendant Nationstar.

25. Upon information and belief, sometime between December 2019 and March 2020, while having full and complete knowledge that any mortgage on the Subject Premises is uncollectible due to the statute of limitations having expired, Nationstar directed their agent RASCP to commence the 2020 Foreclosure Action.

26. Upon information and belief, a successful outcome in the 2020 Foreclosure Action would benefit Nationstar directly, because Nationstar would be entitled to some or the entirety of the proceeds from any foreclosure auction.

27. Upon information and belief, a successful outcome in 2020 Foreclosure Action would benefit RASCP directly, as RASCP would earn a significant amount of legal fees for legal work rendered in conjunction with a time-barred foreclosure action.

28. Defendants RASCP and Nationstar, in their 2020 Foreclosure Action complaint, failed to notify the Plaintiff that the debt it was seeking to collect was time-barred.

29. On or about March 16, 2020, Plaintiff timely filed an answer with counterclaims seeking, among other reliefs, an order cancelling and discharging the mortgage as time-barred.

30. Despite the Plaintiff's answer in the foreclosure action, the Defendants have continued their litigation of the 2020 Foreclosure Action.

*a. FDCPA Violation*

31. Upon information and belief, after the expiration of the statute of limitations and before the commencement of the 2020 Foreclosure Action, Defendants Nationstar and/or RASCP Shellpoint sent a notice to Plaintiff falsely stating in big block letters "NOTICE OF DEFAULT AND INTENT TO ACCLERATE". This is classified as an "initial communication" under 15 USC 1692 which were received by mail by the Plaintiffs shortly after the date indicated on the notice.

32. Upon information and belief, the letter indicated that: 1) there was a default; 2) amounts were owed; 3) If payment was not made, Nationstar intended to accelerate the sums evidenced in the Note and declare all amounts due; and 4) that the Plaintiff was at risk of foreclosure.

33. On or about March 3, 2020, after the expiration of the statute of limitations, Defendant RASCP filed the 2020 Foreclosure Action in Nassau County Supreme Court and thereafter sent the Plaintiff the complaint instituting a new foreclosure action.

34. Attached to the summons and complaint, was a notice, signed by a RASCP attorney, which falsely stated in big block letters: "NOTICE: YOU ARE IN DANGER OF LOSING YOUR HOME".

35. This notice, signed by a RASCP attorney, attached to the summons and complaint further falsely stated: "if you do not respond to this summons and complaint by serving a copy of the answer on the attorney for the mortgage company who filed this foreclosure proceeding against you and filing the answer with the court, a default judgement may be entered against you and you can lose your home."

## FIRST CAUSE OF ACTION

(Violation of Fair Debt Collection Practices Act)

36. Plaintiff repeats and realleges and incorporates all the allegations made in paragraphs 1 through 35 as if fully set forth herein.

37. Notices akin to those sent by Defendants are to be evaluated under the "unsophisticated consumer" standard.

38. Defendants RASCP and Nationstar violated the following provisions of the FDCPA:
    a. 15 U.S.C. § 1692(e) by using false and deceptive representations in connection with the collection of the debt claimed to be owed by Plaintiff.
    b. 15 U.S.C. § 1692(e), by misrepresenting the character, amount, or legal status of the asserted debt.

39. As a result of Defendants RASCP and Nationstar false and misleading statements wrongfully claiming that the Plaintiff was in danger of losing their home, even after the 2013 Foreclosure Action was dismissed, Plaintiff has suffered and continues to suffer severe emotional distress and anxiety.

40. As a result of Defendant Nationstar and/or RASCP's notices, which were barred by the statute of limitations, Plaintiff has suffered and continues to suffer severe emotional distress and anxiety.

41. As a result of the commencement of the 2020 Foreclosure Action by Defendant RASCP on behalf of Defendant Nationstar, which was barred by the statute of limitations, Plaintiff has suffered and continues to suffer severe emotional distress and anxiety

42. Upon information and belief, Defendants RASCP and Nationstar were aware of the fact that the 2020 Foreclosure Action was barred by New York's six year statute of limitations. "A lender may revoke its election to accelerate the mortgage, but it must do so by an affirmative act of revocation occurring during the six-year statute of limitations period subsequent to the initiation of the prior foreclosure action" U.S. Bank Tr., N.A. v. Aorta, 167 A.D.3d 807, 808, 89 N.Y.S.3d 717, 719 (2d Dep't 2018);

43. Execution of a "stipulation of discontinuance [does] not, by itself, constitute an affirmative act to revoke its election to accelerate" if the stipulation is silent on the issue of the election to accelerate. Bank of New York Mellon v. Craig, 169 A.D.3d 627, 93 N.Y.S.3d 425, 427–28 (2d Dep't Feb. 6, 2019). Furthermore, an order of discontinuance, in itself, is insufficient to evidence an affirmative act to revoke the election to accelerate the mortgage debt. Aorta, 167 A.D.3d at 809.

44. Here, the dismissal of the 2013 Foreclosure Action, after a traverse hearing, was due to lack of personal jurisdiction over Plaintiff Persha Lettman. The dismissal order contained no affirmative act revoking the 2009 acceleration. This was a *prima facie* indication that the 2020 Foreclosure action is barred by the six-year statute of limitations.

45. In its Complaint, Defendant Nationstar, via its attorney Defendant RASCP, did not state that there was any revocation of the 2013 acceleration. As such, upon information and belief, Defendants failed to exercise the necessary due diligence and appropriate steps to ensure the 2020 Foreclosure Action was not barred by the six-year statute of limitations.

46. In addition, upon information and belief, Defendants RASCP and/or Nationstar never sent any correspondences to Plaintiff indicating their election to revoke the 2020 acceleration.

47. A foreclosure action is an attempt to collect a debt as defined by the FDCPA. As a result of the 2020 Foreclosure Action brought by Defendant RASCP on behalf of Defendant Nationstar, which is barred by the statute of limitations, Plaintiff has suffered and continues to suffer severe emotional distress and anxiety.

48. By commencing and/or litigating the 2020 Foreclosure Action, Defendants RASCP and Nationstar are taking an action that is prohibited by 15 U.S.C. § 1692(e).

49. As a result of each Defendants' material misrepresentations concerning the legal status and enforceability of the alleged debt, Plaintiff reasonably believed that Defendants' would attempt to again improperly foreclose on their property and that they ran the risk of losing their property.

50. Upon information and belief, Defendants RASCP and Nationstar further violated the following provisions of the FDCPA:

-8-

    c. 15 U.S.C. §1692g, by failing to include in their notices, statements, and letters, a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; and

    d. 15 U.S.C. §1692g, by failing to include in their notices, statements, and letters a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

    e. 15 U.S.C. §1692g, by failing to include in their notices, statements, and letters a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

51. Specifically, any notices from RASCP and/or Nationstar fail to identify the Plaintiff's current creditor and fail to make any mention or identify in any fashion, either the current creditor or the original creditor.

52. A debt collector has the obligation not just to convey the name of the creditor to whom the debt is owed, but also to convey such information clearly. Mere allusions to the creditor's identity are insufficient. The Letter must specifically and clearly identify the creditor of the collection account.

53. Furthermore, threats to take legal action on a debt that is time-barred are also misleading and/or deceptive.

54. Defendants RASCP and/or Nationstar is therefore liable to Plaintiff for actual, statutory, and as well as reasonable costs and attorneys' fees.

**SECOND CAUSE OF ACTION**
(Violation of the General Business Law)

55. Plaintiff repeats and realleges and incorporates all the allegations made in paragraphs 1 through 54 as if fully set forth herein.

56. General Business Law section 349 prohibits the use of deceptive or unfair practices in connection with the collection of debts.

57. The collection of any debts associated with a residential mortgage is consumer-oriented in nature. This conduct potentially affects similarly situated consumers, as several million homeowners each year, across the country, take out residential mortgages, default, and are subject to the Defendants' collections effort and potential foreclosure proceedings.

58. Defendants RASCP and Nationstar engaged in deceptive conduct in the collection of debts.

59. This deceptive conduct included sending notices which intentionally misrepresented the legal status of the debt, falsely claiming that Plaintiff was in danger of losing their home and commencing the new 2020 Foreclosure Action on March 3, 2020 which was brought after the expiration of the six-year statute of limitations.

60. Defendants RASCP and Nationstar, either from their notices, statements, letters, or the foreclosure complaint: 1) threatened to take legal action on a debt they knew was time barred; and/or 2) threatened to Plaintiff that they were at risk of losing their home, as a result of a debt they knew was time barred.

61. This conduct was materially deceptive and Plaintiff has suffered actual injury as a result.

62. As a result of Defendants RASCP and/or Nationstar's false and misleading statements wrongfully claiming that the Plaintiff was in danger of losing their home, even after the 2013 foreclosure action was dismissed, Plaintiff has suffered and continues to suffer severe emotional distress and anxiety.

63. As a result of any notices sent by Defendants RASCP and/or Nationstar, regarding debt which was barred by the statute of limitations, Plaintiff has suffered and continues to suffer severe emotional distress and anxiety.

64. As a result of the commencement of the 2020 Foreclosure Action by Defendant RASCP on behalf of Defendant Nationstar, which was barred by the statute of limitations, Plaintiff has suffered and continues to suffer severe emotional distress and anxiety.

65. Plaintiff is entitled to damages and attorney's fees as a result of Defendants' violation(s) of General Business Law § 349.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests this Court to:

a. Award actual damages in an amount to be determined at trial;

b. Award statutory damages as set forth above;

c. Award reasonable attorney's fees, costs, and disbursements; and

d. Award such other and further relief as this Court may deem just and proper

Date: March 23, 2021
Kew Gardens, New York

                                          Yours etc.
                                          **SHIRYAK, BOWMAN, ANDERSON, GILL & KADOCHNIKOV LLP**

                                          */s/ Alexander Kadochnikov*
                                          Alexander Kadochnikov
                                          *Attorneys for Plaintiff*
                                          80-02 Kew Gardens Road, Suite 600
                                          Kew Gardens, NY 11415
                                          Tel: 718-577-3261