

**ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PLLC**
LAW OFFICES

**Sara Z. Boriskin, Esquire**
*Managing Partner, New York Office*

900 Merchants Concourse,
Suite 310
Westbury, NY 11590
Phone: 516.280.7675
Fax: 516-280-7674
www.raslegalgroup.com

**James Robertson, Esquire***
**Everett Anschutz, Esquire****
**David J. Schneid, Esquire****
**John T. Crane, Esquire****

* Deceased
**Not Admitted to Practice in New York

April 15, 2021

Hon. Judge Diane Gujarati
U.S. District Court – Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re:**   *Persha J. Lettman v. Robertson, Anschutz, Schneid, Crane & Partners, PLLC et al.*
Civ. Case No.: 1:21-cv-01531-DG-RML

Dear Honorable Gujarti:

I am General Counsel to defendant Robertson, Anschutz, Schneid, Crane & Partners, PLLC request a pre-motion conference for the purpose of proceeding with a pre-answer motion to dismiss.

This action alleges FDCPA claims arising from a demonstrably false assertion that an action to foreclose a mortgage filed March 3, 2020 and currently pending before the Supreme Court of the State of New York was commenced beyond the statute of limitations.

As alleged at paragraph 17 of the plaintiff's complaint, the loan was accelerated by the filing of a foreclosure action on December 2, 2013. At paragraph 23 of the plaintiff's complaint, plaintiff commenced the current pending action to foreclose was filed 6 years and 92 days later on March 3, 2020. The complaint alleges FDCPA violations stemming from the fact that the second foreclosure was filed more than six years after December 2, 2013.

What the complaint fails to mention is that the plaintiff filed two bankruptcy proceedings in the interim. The first bankruptcy under case no. 17-74642 was filed July 31, 2017 and dismissed 46 days later on September 15, 2017 and the second bankruptcy under case no.17-77629 filed December 11, 2017 and dismissed 46 days later on January 26, 2018 for a total of 92 days of tolling. A copy of the notices of dismissal are annexed hereto for the court's reference.

Since the complaint admits that the second foreclosure was filed 6 years and 92 days after the acceleration of the loan on December 2, 2013, and the statute of limitations was tolled pursuant to CPLR 204 for the 92 days the automatic stays imposed by the bankruptcies were in place, there is simply no factual or legal basis for the relief sought in the complaint.

In light of the foregoing, defendant requests leave to file its pre-answer motion to dismiss.

Very truly yours,

Joseph F. Battista, Esq.

Encls.

| Information to identify the case: | |
|---|---|
| Debtor 1   **Persha Lettman** <br> First Name   Middle Name   Last Name | Social Security number or ITIN   xxx-xx-0281 <br> EIN   __-_____ |
| Debtor 2 (Spouse, if filing) <br> First Name   Middle Name   Last Name | Social Security number or ITIN   ____ <br> EIN   __-_____ |
| United States Bankruptcy Court   Eastern District of New York <br> 290 Federal Plaza <br> Central Islip, NY 11722 | Date case filed for Chapter  **13:  7/31/17** |
| Case number:   **8-17-74642-las** | |

# NOTICE OF AUTOMATIC DISMISSAL OF CASE
# UNDER BANKRUPTCY CODE § 521 (i)(1)

**NOTICE IS HEREBY GIVEN THAT:**

1) This case was filed on July 31, 2017, with deficiencies.

2) A Notice of Deficiency Filing was sent on July 31, 2017, informing the debtor(s), among other things, that there were outstanding statements, schedules and/or lists to be filed or the case may be subject to automatic dismissal under § 521(i)(1) of the Bankruptcy Code.

3) A Final Notice of Section 521 Deficiencies was sent on August 31, 2017, notifying the debtor(s) that certain documents remained outstanding and in the absence of those documents being filed, the case would be dismissed under § 521(i)(1) of the Bankruptcy Code.

4) As of this date, some or all of the required documents have not been filed with the Clerk of the Court.

Under § 521(i)(1), the above captioned case is dismissed effective on the 46th day after the date of the filing of the petition.


Dated: September 15, 2017


For the Court, Robert A. Gavin, Jr., Clerk of Court


BLnod521.jsp [Notice of Dismissal rev. 02/01/17]

Case 8-17-77629-las    Doc 14    Filed 01/26/18    Entered 01/26/18 14:06:10

| Information to identify the case: | |
|---|---|
| Debtor 1  **Persha Lettman** <br> First Name  Middle Name  Last Name | Social Security number or ITIN  xxx-xx-0281 <br> EIN __-_____ |
| Debtor 2 (Spouse, if filing) <br> First Name  Middle Name  Last Name | Social Security number or ITIN  ____ <br> EIN __-_____ |
| United States Bankruptcy Court  **Eastern District of New York** | Date case filed for chapter  **7  12/11/17** |
| Case number:  **8-17-77629-las** | |

# NOTICE OF AUTOMATIC DISMISSAL OF CASE
# UNDER BANKRUPTCY CODE § 521 (i)(1)

**NOTICE IS HEREBY GIVEN THAT:**

1) This case was filed on December 11, 2017, with deficiencies.

2) A Notice of Deficiency Filing was sent on December 11, 2017, informing the debtor(s), among other things, that there were outstanding statements, schedules and/or lists to be filed or the case may be subject to automatic dismissal under § 521(i)(1) of the Bankruptcy Code.

3) A Final Notice of Section 521 Deficiencies was sent on January 12, 2018, notifying the debtor(s) that certain documents remained outstanding and in the absence of those documents being filed, the case would be dismissed under § 521(i)(1) of the Bankruptcy Code.

4) As of this date, some or all of the required documents have not been filed with the Clerk of the Court.

Under § 521(i)(1), the above captioned case is dismissed effective on the 46th day after the date of the filing of the petition.

Dated: January 26, 2018

For the Court, Robert A. Gavin, Jr., Clerk of Court

BLnod521.jsp [Notice of Dismissal rev. 02/01/17]