

**ROBERTSON, ANSCHUTZ, SCHNEID,**
**CRANE & PARTNERS, PLLC**
**L A W   O F F I C E S**

**Sara Z. Boriskin, Esquire**
*Managing Partner, New York Office*

900 Merchants Concourse,
Suite 310
Westbury, NY 11590
Phone: 516.280.7675
Fax: 516-280-7674
www.raslegalgroup.com

**James Robertson, Esquire***
**Everett Anschutz, Esquire****
**David J. Schneid, Esquire****
**John T. Crane, Esquire****

\* Deceased
\*\*Not Admitted to Practice in New York

April 20, 2021

Hon. Judge Diane Gujarati
U.S. District Court – Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re:**   *Persha J. Lettman v. Robertson, Anschutz, Schneid, Crane & Partners, PLLC et al.*
Civ. Case No.: 1:21-cv-01531-DG-RML

Dear Honorable Gujarti:

I am General Counsel to defendant Robertson, Anschutz, Schneid, Crane & Partners, PLLC request a pre-motion conference for the purpose of proceeding with a pre-answer motion to dismiss in connection with the newly filed amended complaint.

The allegations contained in the amended complaint are even more egregious that the original complaint. Plaintiff acknowledges at paragraph 17 of the amended complaint that the debt was accelerated upon the commencement of a foreclosure action on December 2, 2013. Plaintiff acknowledges at paragraph 23 that the current foreclosure action was filed 6 years and 92 days later on March 3, 2020.

Plaintiff also now acknowledges for the first time at paragraphs 27 & 28 of the amended complaint that the current foreclosure action was timely filed under New York's six year statute of limitations when the tolling applicable to Plaintiff's bankruptcy filings is taken into account.

Plaintiff's new theory alleged at paragraph 28 of the amended complaint appears to be that the foreclosure complaint filed March 3, 2020 violates the FDCPA because it is based upon

the Plaintiff's failure to remit installment payments, the collection of which it is alleged is barred by the statute of limitations. However, this theory runs contrary to well established New York State law.

The amended complaint admits at paragraphs 17 and 22 that the debt was accelerated by the filing of the first foreclosure action on December 2, 2013 and was not de-accelerated.

Once a mortgage debt is accelerated, "the borrowers' right and obligation to make monthly installments ceased and all sums [become] immediately due and payable", and the six-year Statute of Limitations begins to run on the entire mortgage debt. EMC Mortgage Corp. v. Patella, 279 Ad2d 604 (2d Dep't 2001)

Since the Plaintiff has acknowledged that the 2020 action was timely filed within six years of December 2, 2013 acceleration, when the bankruptcy tolling is taken into account, there is no cognizable theory under which the 2020 foreclosure action which is predicated upon a 2013 default in payments, and December 2, 2013 acceleration, could be deemed to be seeking to recover amounts barred by the statute of limitations.

In light of the foregoing, defendant requests leave to file its pre-answer motion to dismiss.

Very truly yours,

Joseph F. Battista, Esq.