**MRLP**
McCalla Raymer Leibert Pierce, LLC

| | |
|---|---|
| ILLINOIS | |
| CALIFORNIA | MISSISSIPPI |
| CONNECTICUT | NEVADA |
| FLORIDA | NEW JERSEY |
| GEORGIA | NEW YORK |

420 Lexington Avenue, Suite 840
New York, New York 10170
(347) 286-7409
**www.mccalla.com**

June 1, 2021

<u>Via CM/ECF only</u>

Hon. Diane Gujarati, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *Persha Lettman v. Ras Boriskin, LLC*
            <u>Civil Action No.: 21-cv-01531</u>

Dear Judge Gujarati:

      This firm represents Defendant, Nationstar Mortgage LLC d/b/a Mr. Cooper. ("Nationstar") in the above-captioned matter. The purpose of this letter is to request a pre-motion conference from Your Honor before filing a pre-answer motion to dismiss the Amended Complaint filed by plaintiff Persha Lettman ("Plaintiff") pursuant to Fed. R. Civ. P. 12(b) (6). We submit this request pursuant to Your Honor's Individual Motion Practice and Rules.

      Plaintiff has asserted the following two claims against Nationstar in the Amended Complaint: (1) a violation of the Fair Debt Collection Practices Act, 12 U.S.C. § 1692 (the "FDCPA") in connection with Nationstar having commenced a state foreclosure action; and (2) a violation of <u>N.Y. General Business Law</u> § 349. Plaintiff alleges in the Amended Complaint that while the foreclosure action is timely, a small portion of the total amount that Nationstar claims in the foreclosure action is barred by the applicable six year statute of limitations. Nationstar's proposed motion to dismiss seeks the dismissal of both of Plaintiff's claims.

MRLP
McCalla Raymer Leibert Pierce, LLC

ILLINOIS
CALIFORNIA    MISSISSIPPI
CONNECTICUT   NEVADA
FLORIDA       NEW JERSEY
GEORGIA       NEW YORK

420 Lexington Avenue, Suite 840
New York, New York 10170
(347) 286-7409
www.mccalla.com

Plaintiff's FDCPA claims are legally deficient for three independent reasons. First, FDCPA claims are subject to a one-year statute of limitations. *See e.g. Benzemann v. Houslanger & Assocs., PLLC*, 924 F.3d 73 (2d Cir. 2019). At the latest, Plaintiff's FDCPA claim accrued on March 3, 2020 – the date that Nationstar commenced the state foreclosure action. Plaintiff did not commence this action until March 23, 2021 – more than one year after the FDCPA claim accrued. Accordingly, the FDCPA claim is time-barred.

Second, the FDCPA does not apply to Nationstar because it was not a debt collector and, therefore, not subject to the FDCPA. *Henson v. Santander Consumer USA, Inc.*, 137 S.Ct. 1718 (2017); *Maguire v. Citicorp. Retail Servs. Inc.*, 147 F.3d 232 (2d Dep't. 1998). Nationstar received an assignment of the Note and Mortgage prior to the loan going into default. Accordingly, Nationstar is not a debt collector as defined by the FDCPA, but a creditor attempting to collect its own debt. As a result, the FDCPA does not apply to Nationstar. *Zirogiannis v. Seterus, Inc.*, 221 F.Supp. 2d 292, 302 (E.D.N.Y. 2016).

Third, *this* Court should apply the *Colorado River* abstention doctrine to dismiss Plaintiff's claims. *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236 (1976). The *Colorado River* abstention doctrine applies in exceptional circumstances such as the present matter where a federal action is parallel to an earlier-filed state court action involving similar parties and claims . . . ." *Niagara Mohawk Power Corp. v. Hudson River-Black River Regulation Dist.*, 673 F.3d 84, 100 (2d Cir. 2012). This matter is parallel to the state foreclosure action where one of the issues will be the timeliness of Nationstar's claims for recovery.

**McCalla Raymer Leibert Pierce, LLC**

ILLINOIS
CALIFORNIA
CONNECTICUT
FLORIDA
GEORGIA
MISSISSIPPI
NEVADA
NEW JERSEY
NEW YORK

420 Lexington Avenue, Suite 840
New York, New York 10170
(347) 286-7409
www.mccalla.com

Finally, Nationstar intends to argue in its proposed motion, that this Court should not exercise supplemental jurisdiction over Plaintiff's state law claim. The exercise of supplemental jurisdiction following dismissal of the only federal claim asserted in the Amended Complaint would be contrary to the interests of judicial economy, fairness and comity. In the event that the Court does exercise supplemental jurisdiction, this Court should dismiss Plaintiff's state law claim for violations of N.Y. General Business Law § 349. Plaintiff has failed to allege the requisite injury to support a section 349 claim. Further, Plaintiff has not alleged any conduct by Nationstar that affected the consuming public. Instead, Plaintiff's claims against Nationstar result from an individualized dispute that cannot give rise to a section 349 claim.

Therefore, we respectfully request that the Court schedule a pre-motion conference to discuss the proposed motion to dismiss.

Respectfully submitted,
McCalla Raymer Leibert Pierce, LLC

By: _/s/ Charles H. Jeanfreau_____
Charles Jeanfreau

Cc:   Alex Kadocnikov, Esq.
      Joseph Battista, Esq.