UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

Persha J. Lettman,                                          **REPLY AFFIRMATION**

                            Plaintiff,

      -against-                                   **Docket No.: 21-cv-01531(DG)(RML)**

Robertson, Anschutz, Schneid, Crane & Partners,
PLLC, Nationstar Mortgage LLC d/b/a Mr. Cooper



                          Defendant(s).
_____

Joseph F. Battista, Esq., an attorney duly admitted to practice law before this court and the courts of the State of New York, respectfully affirms under the penalty of perjury:

1.     That I am General Counsel to the law firm of Robertson, Anschutz, Schneid, Crane & Partners, PLLC ("Movant" or "RAS"). Based on review of court records and my office's records, I am fully familiar with the facts herein.

2.     This affirmation is submitted in support of Movant's motion dismissing the complaint pursuant to FRCP 12 (b) and in reply to the opposition submitted on behalf of the plaintiff, Persha J. Lettman.

**PROCEDURAL HISTORY OF THE PENDING MOTION PRACTICE**

3.     Plaintiff's counsel makes several misrepresentations of fact as to the timing of the motion practice before this court in a vain attempt to demonstrate that RAS's motion was untimely or improper.  This affirmation is submitted to correct plaintiff's misstatements of fact with irrefutable documentary evidence.

RAS File #21-048557

4.     Pursuant to the May 11, 2021 order of Judge Diane Gujarati, a briefing schedule was established for RAS to file its pre-answer motion to dismiss, with RAS directed to serve its motion on or before June 1, 2021, opposition due by June 15, 2021 and reply papers due by June 22.  A copy of the order is annexed hereto as **Exhibit "A"**.

4.     RAS timely served its notice of motion, affirmation in support and a memorandum of law on May 28, 2021.  A copy of the notice of motion, affirmation in support *sans* exhibits, memorandum of law and affidavit of mailing is annexed hereto as **Exhibit "B"**.

5.     Prior to the expiration of the deadline for the service of RAS' motion papers, on June 1, 2021, RAS served an amended memorandum of law that added a third point arguing that Plaintiff's complaint was untimely and barred by the applicable statute of limitations.  A copy of the amended memorandum of law and affidavit of mailing is annexed hereto as **Exhibit "C"**.

6.     Other than the addition of the third argument regarding the timeliness of Plaintiff's FDCPA claims, the June 1 amended memorandum of law was identical to RAS' original May 28 memorandum of law.  See Exhibits "B" and "C".

7.     Pursuant to the June 8, 2021 order of Judge Diane Gujarati, a revised briefing schedule was established for both the RAS pre-answer motion to dismiss and a motion to dismiss by co-defendant Nationstar Mortgage LLC d/b/a Mr. Cooper ("Nationstar"), with Nationstar directed to file its motion by June 25, Plaintiff to file a consolidated opposition by July 12 and any reply by July 19.  A copy of the order is annexed hereto as **Exhibit "D"**.

7.     Plaintiff served its opposition papers including a declaration whereby Plaintiff adopted the factual allegations as alleged in RAS' May 28, 2021 memorandum of law.  A copy of the declaration of Alexander Kadochnikov is annexed hereto as **Exhibit "E"**.

**WHEREFORE**, your affirmant respectfully requests that the relief sought by Movants be granted in all respects together with such other, further and different relief as this Court may deem just and proper.

Dated: July 19, 2021

_____/s/_____
Joseph F. Battista, Esq.

# EXHIBIT A

## Joseph Battista

| | |
|---|---|
| **From:** | ecf_bounces@nyed.uscourts.gov |
| **Sent:** | Tuesday, May 11, 2021 7:12 PM |
| **To:** | nobody@nyed.uscourts.gov |
| **Subject:** | Activity in Case 1:21-cv-01531-DG-RML Lettman v. Robertson, Anschutz, Schneid, Crane & Partners, PLLC et al Order on Motion for Pre Motion Conference |

This message originated outside of the organization. Use caution when opening attachments, clicking links or responding to requests for information.

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

### U.S. District Court

### Eastern District of New York

### Notice of Electronic Filing

The following transaction was entered on 5/11/2021 at 7:12 PM EDT and filed on 5/11/2021

| | |
|---|---|
| **Case Name:** | Lettman v. Robertson, Anschutz, Schneid, Crane & Partners, PLLC et al |
| **Case Number:** | 1:21-cv-01531-DG-RML |
| **Filer:** | |
| **Document Number:** | No document attached |

**Docket Text:**
**ORDER denying Defendant Robertson, Anschutz, Schneid, Crane & Partners, PLLCs (Robertson) [11][16] motions for pre-motion conference -- After reviewing the parties' letters, the Court has determined that a pre-motion conference is not necessary. Defendant Robertson shall serve its motion to dismiss on Plaintiff by June 1, 2021; Plaintiff shall serve his opposition on Defendant Robertson by June 15, 2021; and Defendant Robertson shall serve his reply, if any, on Plaintiff by June 22, 2021, at which point Defendant Robertson shall file the fully-briefed motion on ECF in accordance with Individual Rule III(B)(4). Ordered by Judge Diane Gujarati on 5/11/2021. (Almonte, Kelly)**

**1:21-cv-01531-DG-RML** Notice has been electronically mailed to:

Joseph F. Battista, III    jbattista@rasboriskin.com, 

Alex Kadochnikov      akadochnikov@sbagk.com

**1:21-cv-01531-DG-RML Notice will not be electronically mailed to:**

EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

Persha J. Lettman,

                             Plaintiff,

       -against-

Robertson, Anschutz, Schneid, Crane & Partners,
PLLC, Nationstar Mortgage LLC d/b/a Mr. Cooper

                         Defendant(s).

**NOTICE OF MOTION**

**Docket No.: 21-cv-01531(DG)(RML)**

**Oral Argument Requested**

---

MOTION BY :

            Defendant Robertson, Anschutz, Schneid,
            Crane & Partners, PLLC

DATE, TIME & PLACE:

            Oral argument of this motion is requested to
            be held on a date and time to be designated
            by the Court.

            United States District Court
            Eastern District of New York
            225 Cadman Plaza East
            Brooklyn, NY 11201

RELIEF REQUESTED:

            An Order (1) dismissing the complaint
            pursuant to FRCP 12 and (2) for such other
            and further relief as this Court may deem
            just and proper.

Dated: May 28, 2021
      Westbury, New York

Joseph F. Battista, Esq.
General Counsel
Robertson, Anschutz, Schneid,
Crane & Partners, PLLC
900 Merchants Concourse, Suite 310
Westbury, New York 11590
Phone:  516-280-7675 x1059

To:

Shiryak, Bowman, Anderson, Gill & Kadochnikov, LLP
Attorney for Plaintiff
80-02 Kew Gardens Road, Suite 600
Kew Gardens, NY 11415
718-577-3261

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Persha J. Lettman, | **AFFIRMATION IN SUPPORT** |
| Plaintiff, | |
| -against- | **Docket No.: 21-cv-01531(DG)(RML)** |
| Robertson, Anschutz, Schneid, Crane & Partners, PLLC, Nationstar Mortgage LLC d/b/a Mr. Cooper | |
| Defendant(s). | |

Joseph F. Battista, Esq., an attorney duly admitted to practice law before this court and the courts of the State of New York, respectfully affirms under the penalty of perjury:

1.      That I am General Counsel to the law firm of Robertson, Anschutz, Schneid, Crane & Partners, PLLC ("Movant" or "RAS"). Based on review of court records and my office's records, I am fully familiar with the facts herein.

2.      This affirmation is submitted in support of Movant's motion dismissing the complaint pursuant to FRCP 12 (b).

## STATEMENT OF UNDISPUTED FACTS

2.      The plaintiff, Persha J. Lettman ("Plaintiff"), in the action at bar executed a note dated April 23, 2008 in the amount of $649,903.00 ("Note").   A copy of the Note is annexed hereto as **Exhibit "A".**

3.      As security for payment of the Note, Plaintiff gave a mortgage on the premises located at 41 Fourth Street, Valley Stream, NY 11581 ("Premises"). The mortgage was recorded May 13, 2008 in Liber 32966 at page 256 ("Mortgage"). A copy of the  Mortgage is annexed hereto as **Exhibit "B"**.

4.      The Mortgage was assigned to Federal National Mortgage Association and then further assigned to Nationstar Mortgage LLC ("NSM"). A copy of the recorded assignments is annexed hereto as **Exhibit "C"**.

5.      Plaintiff and NSM entered into a loan modification agreement modifying the terms of the Note and Mortgage. A copy of the modification agreement is annexed hereto as **Exhibit "D"**.

6.      Plaintiff failed to remit the payment due March 1, 2013 pursuant to the terms of the Note and Mortgage as modified.

7.      The debt was accelerated on December 2, 2013 by the filing of a summons and complaint seeking to foreclosure upon the Mortgage ("2013 Foreclosure"). A copy of the Notice of Pendency, Summons and Complaint is annexed hereto as **Exhibit "E"**.

8.      A judgment of foreclosure and sale was entered on May 18, 2016. A copy of the judgment of foreclosure is annexed hereto as **Exhibit "F"**.

9.      A Traverse Hearing was conducted on December 5, 2019 at which the court determined that service of process was not properly effected upon Persha J. lettman and the 2013 Foreclosure was diamissed. A copy of the transcript is annexed hereto as **Exhibit "G"** see P. 95 L. 2-5.

10.     Plaintiff filed a bankruptcy petition on July 31, 2017 in the Eastern District of New York under Case # 17-74642.  The automatic stay was lifted 46 days later when the case was automatically dismissed due to uncured deficiencies on September 15, 2017.  A copy of the notice of automatic dismissal is annexed hereto as **Exhibit "H"**.

11.     Plaintiff filed a second bankruptcy petition on December 11, 2017 in the Eastern District of New York under Case # 17-77629.  The automatic stay was lifted 46 days later when the case was automatically  dismissed due to uncured deficiencies on January 26, 2018.  A copy of the notice of automatic dismissal is annexed hereto as **Exhibit "I"**.

12.     New York's six year statute of limitations from the December 2, 2013 acceleration of the debt expired December 2, 2019.  However, when the 92 days of tolling to the statute of limitations stemming from the pendency of the automatic stays imposed by the Plaintiff's bankruptcies is added to the statute of limitations deadline, the deadline to commence a new action was extended to March 3, 2020.

13.     A second action seeking to foreclose the Mortgage was timely filed on March 3, 2020 ("2020 Foreclosure").   A copy of the summons, complaint and certificate of merit is annexed hereto as **Exhibit "J"**.

14.     Plaintiff filed an answer with counterclaims to the 2020 Foreclosure raising claims and defenses under both New York State and Federal Law including statute of limitations and BYL §349. A copy of the answer with counterclaims is annexed hereto as **Exhibit "K"**.

15.     Plaintiff filed a complaint in the action at bar on March 23, 2021 alleging FDCPA violations by falsely asserting that the 2020 Foreclosure was not timely commenced.  A copy of the complaint is annexed hereto as **Exhibit "L"**.

16.     Movant filed a request for a pre-motion confirmence seeking leave to move to dismiss the action at bar on the ground that the 2020 Foreclosure was in fact timely commenced ("1st Pre-Motion Letter").  A copy of the 1st Pre-Motion Letter is annexed hereto as **Exhibit "M"**.

17.     Plaintiff thereafter amended the complaint.  A copy of the amended complaint is annexed hereto as **Exhibit "N"**.

18.     Paragraphs 17 & 18 of the amended complaint acknowledge that the debt was accelerated upon the commencement of the 2013 Foreclosure on December 2, 2013.

19.     Paragraph 22 of the amended complaint alleges that the December 2, 2013 acceleration was never revoked.

20.     Paragraph 23 of the amended complaint acknowledges that the 2020 Foreclosure was filed on March 3, 2020, 6 years and 92 days after the December 2, 2013 acceleration of the debt.

21.     Paragraphs 27 & 28 of the amended complaint acknowledges that the 2020 Foreclosure was in fact timely filed when the 92 days of tolling applicable to Plaintiff's bankruptcy filings is taken into account.

22.     Plaintiff, having abandoned her claim that the 2020 Foreclosure was untimely, asserts in the amended complaint at paragragraph 28 that a portion of the debt remains uncollectible pursuant to the statute of limitations. Movant contends that such assertion runs contrary to well established New York State law.

23.     Movant filed a second request for a pre-motion confirmence seeking leave to move to dismiss the action at bar on the ground that there is no cognizable theory under which the 2020 Foreclosure, which it is conceded was timely filed within the statute of limitations triggered by the December 2, 2013 acceleration of the debt, could be deemed to be seeking to

recover amounts barred by the statute of limitations. ("2nd Pre-Motion Letter"). A copy of the 2nd Pre-Motion Letter is annexed hereto as **Exhibit "O"**.

24.     Plaintiff filed a response to the 2nd Pre-Motion Letter that did not challenge any of the foregoing facts, and merely reintereated Plaintiff's legally flawed argument that despite the facts that (1) the debt was accelerated in 2013, (2) the acceleration was never revoked, and (3) the 2020 Foreclosure action was timely filed, that the 2020 Foreclosure action seeks to recover debt, a portion of which it is alleged is time barred. A copy of the response to the 2nd Pre-Motion Letter is annexed hereto as **Exhibit "P"**.

25.     This Court determined that a pre-motion conference was not necessary and set a briefing schedule for the within motion by a text order entered into the docket on May 11, 2021. A printout of the CM/ECF email advising of the docket text entry is annexed hereto as **Exhibit "Q"**.

**WHEREFORE,** your affirmant respectfully requests that the relief sought by Movants be granted in all respects together with such other, further and different relief as this Court may deem just and proper.

Dated: May 28, 2021

Joseph F. Battista, Esq.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
Persha J. Lettman,

                              Plaintiff,

      -against-

Robertson, Anschutz, Schneid, Crane & Partners, PLLC,
ıstar Mortgage LLC d/b/a Mr. Cooper,

                            Defendants.
-------------------------------------------------------------------X

**Docket No.:**

**21-cv-01531(DG)(RML)**

---

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

---

Joseph F. Battista, Esq.
Robertson, Anschutz, Schneid,
Crane & Partners, PLLC
900 Merchants Concourse
Westbury, NY 11590
516-280-7675

<u>**TABLE OF CONTENTS**</u>

**PAGE**

**Table of Authorities**                                                iii

**Point I**

**THE PLAINTIFF'S CLAIMS THAT A PORTION OF THE
DEBT IS BARRED BY THE STATUTE OF LIMITATIONS
ARE INCORRECT ON THE LAW**                                    1


**Point II**

**THE 2020 FORECLOSURE ACTION IS THE APPROPRIATE
VENUE FOR DETERMINING THE VALIDITY OF THE
PLAINTIFF'S STATUTE OF LIMITATIONS CLAIMS**          3

**Conclusion**                                                        4

## <u>TABLE OF AUTHORITIES</u>

**Page**

### STATUTES

CPLR §213(4)                                                        1

CPLR §204                                                          2

### CASES

<u>Wells Fargo Bank, N.A. v. Burke</u>, 94 AD3d 980 (2d Dep't 2012)                1

<u>U.S. Bank National Association v. Gordon</u>, 158 AD3d 832 (2d Dep't 2018)        1

<u>EMC Mortgage Corp. v. Patella</u>, 279 AD2d 604 (2d Dep't 2001)                 2

<u>Wells Fargo Bank, National Association v. Islam</u>, 193 AD3d 1016 (2d Dep't 2021)   2

<u>Lubonty v. U.S. Bank National Association</u>, 34 NY3d 250 (2019)               2

## <u>POINT I</u>

### THE PLAINTIFF'S CLAIMS THAT A PORTION OF THE DEBT IS BARRED BY THE STATUTE OF LIMITATIONS ARE INCORRECT ON THE LAW

The plaintiff, Persha J. Lettman ("Plaintiff"), in the action at bar executed a note dated April 23, 2008 in the amount of $649,903.00 ("Note"). See Exhibit "A"[1]. The Note provides for payments commencing June 1, 2008 and continuing monthly thereafter until May 1, 2038 when the debt matures. See Exhibit "A" ¶4.

New York State has a six year statute of limitations applicable to foreclosure actions. See CPLR §213(4). With respect to a mortgage payable in installments, separate causes of action accrue for each installment that is not paid, and the statute of limitations begins to run on the date each installment becomes due. <u>Wells Fargo Bank, N.A. v. Burke</u>, 94 AD3d 980 (2d Dep't 2012); <u>U.S. Bank National Association v. Gordon</u>, 158 AD3d 832 (2d Dep't 2018).

However, in the case at bar the amended complaint at paragraphs 17, 18 & 22 admits that the debt was accelerated by the filing of the 2013 Foreclosure on December 2, 2013 and that said acceleration was not revoked. See Exhibit "N" ¶17, 18 & 22.

Notably, the loan, given in 2008, was less than six years old when the debt was accelerated in 2013, so there could not possibly have been any payments that were already time-barred at the time the debt was accelerated.

Once the debt was accelerated the "[Plaintiff's] **right and obligation to make monthly installments ceased** and all sums [became] immediately due and payable, and the six-year statute of limitations [began] to run on **the entire mortgage debt**." *emphasis supplied* <u>EMC</u>

---

[1] All exhibits referenced herein are annexed to the Affirmation in Support of Joseph F. Battista, Esq. which is being served and filed herewith. The Affirmation in Support of Joseph F. Battista, Esq. is incorporated herein by reference.

Mortgage Corp. v. Patella, 279 AD2d 604 (2d Dep't 2001); Wells Fargo Bank, National Association v. Islam, 193 AD3d 1016 (2d Dep't 2021).

In the case at bar, the amended complaint admits that the debt was accelerated on December 2, 2013 and that the acceleration was not revoked. See Exhibit "N" ¶17, 18 & 22. The acceleration of the debt terminated the Plaintiff's right and ability to make monthly installment payments, the full amount due under the note and mortgage became immediately due and payable on December 2, 2013 and the six year statute of limitations to collect on the entire mortgage debt commenced to run as of December 2, 2013. See *Burk, Gordon, Patella* and *Islam* cited *supra.*

The amended complaint admits that the two bankruptcies filed by the Plaintiff resulting in a tolling of the six year statute of limitations for a period of 92 days. See Exhibit "N" ¶27. See also Exhibits "H" & "I". Such tolling is governed by CPLR §204 and applies for the entire duration of the automatic stays imposed by the Plaintiff's bankruptcy petitions. Lubonty v. U.S. Bank National Association, 34 NY3d 250 (2019)

Since the debt was accelerated on December 2, 2013, the six year statute of limitations upon the entire mortgage debt expired December 2, 2019. However, when the 92 days of tolling due to the Plaintiff's bankruptcy filings is added the statute of limitations was extended to March 3, 2020. Plaintiff's amended complaint admits that the 2020 Foreclosure was filed on March 3, 2020 and that such filing was timely. See Exhibit "N" ¶23 & 27.

In light of the well established case law holding that once the debt was accelerated the Plaintiff's right and obligation to make monthly installments ceased and all sums became immediately due and payable, and the six-year statute of limitations began to run on the entire mortgage debt; and in light of the uncontroverted fact that the complaint in the 2020 Foreclosure

2

action was timely filed, the action at bar must be dismissed in its entirety. This is because the entire request for relief relies upon a faulty premises, that the complaint in the 2020 action seeks to collect upon debt a portion of which Plaintiff claims is time barred. See Exhibit "N" ¶28.

First, it must be pointed out that the 2020 Foreclosure is in the nature of an action *in rem* seeking to enforce a security interest in the mortgaged property.

Moreover, Plaintiff's theory of the case must fail because it incorrectly assumes that the loan remained payable in installments to claim that some of the installments were due more than six years prior to the commencement of the 2020 Foreclosure. However, as established supra, once the debt was accelerated on December 2, 2013, Plaintiff's right and obligation to make monthly installments ceased and all sums became immediately due and payable, and the six-year statute of limitations began to run on the **entire mortgage debt**. Since the complaint in the 2020 Foreclosure action was timely filed within the six year statute of limitations on the accelerated debt, the plaintiff in the 2020 Foreclosure is entitled to collect upon the entire mortgage debt.


**POINT II**

**THE 2020 FORECLOSURE ACTION IS THE APPROPRIATE VENUE FOR DETERMINING THE VALIDITY OF THE PLAINTIFF'S STATUTE OF LIMITATIONS CLAIMS**

Prior to the commencement of the action at bar, Plaintiff interposed an answer with counterclaims in the 2020 Foreclosure interposing defenses and counterclaims under both New York State and Federal law including her statute of limitations claims and her GBL §349 claims. See Exhibit "K". Nevertheless, Plaintiff has elected to name that plaintiff in the 2020 Foreclosure as a defendant in the action at bar.

3

Clearly, the New York State courts are thoroughly familiar with the application of the New York State statute of limitations to mortgage foreclosure actions and will in fact make a determination as to whether there was compliance with the statute of limitations. As such, this action should be dismissed, or at the very least stayed pending the state court determination.

**CONCLUSION**

It is respectfully submitted that in light of the foregoing the court should enter an order dismissing the complaint in its entirety.

Dated: Westbury, New York
      May 28, 2021

                         Joseph F. Battista, Esq.
                         Robertson, Anschutz, Schneid,
                         Crane & Partners, PLLC
                         900 Merchants Concourse
                         Westbury, NY 11590
                         516-280-7675

4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Persha J. Lettman,

                                         Docket # 21-cv-01531(DG)(RML)

                            Plaintiff,       **AFFIDAVIT OF MAILING**

        -against-

Robertson, Anschutz, Schneid, Crane & Partners,
PLLC, Nationstar Mortgage LLC d/b/a Mr. Cooper

                            Defendant(s).

STATE OF NEW YORK       )
                        )ss:
COUNTY OF NASSAU        )

        I, Amberly Wilson, being duly sworn, deposes and says:

        That I am not a party to the action, am over the age of 18 years and reside in Suffolk

County, New York.

        That on _____May 28th_____, 2021, deponent served the within Notice of Motion

to Dismiss with supporting affirmation, exhibits and memorandum of law, by depositing a true

copy thereof in a post-paid wrapper, in an official depository under the exclusive care and

custody of the United States Postal Service within the State of New York, addressed to each of

the following persons at the last known address set forth after each name:

                                                        RAS File #21-048557

Shiryak, Bowman, Anderson, Gill & Kadochnikov, LLP
Attorney for Plaintiff
80-02 Kew Gardens Road, Suite 600
Kew Gardens, NY 11415

Amberly Wilson
*Paralegal*

Sworn to before me on this 28th
day of May, 2021

NOTARY PUBLIC

Melanie Gottlieb
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01GO6405661
Qualified in Suffolk County
Commission Expires  March 16, 20___

RAS File #21-048557

# EXHIBIT C

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
Persha J. Lettman,

                          Plaintiff,

      -against-

Robertson, Anschutz, Schneid, Crane & Partners, PLLC,
ıstar Mortgage LLC d/b/a Mr. Cooper,

                        Defendants.
---------------------------------------------------------------------X

**Docket No.:**
**21-cv-01531(DG)(RML)**

---

## DEFENDANT'S AMENDED MEMORANDUM OF LAW IN
## SUPPORT OF MOTION TO DISMISS

---

Joseph F. Battista, Esq.
Robertson, Anschutz, Schneid,
Crane & Partners, PLLC
900 Merchants Concourse
Westbury, NY 11590
516-280-7675

## TABLE OF CONTENTS

PAGE

Table of Authorities                                            iii

Point I

THE PLAINTIFF'S CLAIMS THAT A PORTION OF THE
DEBT IS BARRED BY THE STATUTE OF LIMITATIONS
ARE INCORRECT ON THE LAW                                        1

Point II

THE FDCPA CLAIMS ARE UNTIMELY                                   3

Point III

THE 2020 FORECLOSURE ACTION IS THE APPROPRIATE
VENUE FOR DETERMINING THE VALIDITY OF THE
PLAINTIFF'S STATUTE OF LIMITATIONS CLAIMS                       4

Conclusion                                                      4

## TABLE OF AUTHORITIES

**Page**

### STATUTES

CPLR §213(4)                                                                            1

CPLR §204                                                                               2


### CASES

Wells Fargo Bank, N.A. v. Burke, 94 AD3d 980 (2d Dep't 2012)                           1

U.S. Bank National Association v. Gordon, 158 AD3d 832 (2d Dep't 2018)                 1

EMC Mortgage Corp. v. Patella, 279 AD2d 604 (2d Dep't 2001)                            2

Wells Fargo Bank, National Association v. Islam, 193 AD3d 1016 (2d Dep't 2021)         2

Lubonty v. U.S. Bank National Association, 34 NY3d 250 (2019)                          2

<u>POINT I</u>

**THE PLAINTIFF'S CLAIMS THAT A PORTION OF THE DEBT IS BARRED BY THE STATUTE OF LIMITATIONS ARE INCORRECT ON THE LAW**

The plaintiff, Persha J. Lettman ("Plaintiff"), in the action at bar executed a note dated April 23, 2008 in the amount of $649,903.00 ("Note"). See Exhibit "A"[1]. The Note provides for payments commencing June 1, 2008 and continuing monthly thereafter until May 1, 2038 when the debt matures. See Exhibit "A" ¶4.

New York State has a six year statute of limitations applicable to foreclosure actions. See CPLR §213(4). With respect to a mortgage payable in installments, separate causes of action accrue for each installment that is not paid, and the statute of limitations begins to run on the date each installment becomes due. <u>Wells Fargo Bank, N.A. v. Burke</u>, 94 AD3d 980 (2d Dep't 2012); <u>U.S. Bank National Association v. Gordon</u>, 158 AD3d 832 (2d Dep't 2018).

However, in the case at bar the amended complaint at paragraphs 17, 18 & 22 admits that the debt was accelerated by the filing of the 2013 Foreclosure on December 2, 2013 and that said acceleration was not revoked. See Exhibit "N" ¶17, 18 & 22.

Notably, the loan, given in 2008, was less than six years old when the debt was accelerated in 2013, so there could not possibly have been any payments that were already time-barred at the time the debt was accelerated.

Once the debt was accelerated the "[Plaintiff's] **right and obligation to make monthly installments ceased** and all sums [became] immediately due and payable, and the six-year statute of limitations [began] to run on **the entire mortgage debt**." *emphasis supplied* <u>EMC</u>

---

[1] All exhibits referenced herein are annexed to the Affirmation in Support of Joseph F. Battista, Esq. which is being served and filed herewith. The Affirmation in Support of Joseph F. Battista, Esq. is incorporated herein by reference.

1

Mortgage Corp. v. Patella, 279 AD2d 604 (2d Dep't 2001); Wells Fargo Bank, National Association v. Islam, 193 AD3d 1016 (2d Dep't 2021).

In the case at bar, the amended complaint admits that the debt was accelerated on December 2, 2013 and that the acceleration was not revoked. See Exhibit "N" ¶¶17, 18 & 22. The acceleration of the debt terminated the Plaintiff's right and ability to make monthly installment payments, the full amount due under the note and mortgage became immediately due and payable on December 2, 2013 and the six year statute of limitations to collect on the entire mortgage debt commenced to run as of December 2, 2013. See *Burk, Gordon, Patella* and *Islam* cited *supra*.

The amended complaint admits that the two bankruptcies filed by the Plaintiff resulting in a tolling of the six year statute of limitations for a period of 92 days. See Exhibit "N" ¶27. See also Exhibits "H" & "I". Such tolling is governed by CPLR §204 and applies for the entire duration of the automatic stays imposed by the Plaintiff's bankruptcy petitions. Lubonty v. U.S. Bank National Association, 34 NY3d 250 (2019)

Since the debt was accelerated on December 2, 2013, the six year statute of limitations upon the entire mortgage debt expired December 2, 2019. However, when the 92 days of tolling due to the Plaintiff's bankruptcy filings is added the statute of limitations was extended to March 3, 2020. Plaintiff's amended complaint admits that the 2020 Foreclosure was filed on March 3, 2020 and that such filing was timely. See Exhibit "N" ¶23 & 27.

In light of the well established case law holding that once the debt was accelerated the Plaintiff's right and obligation to make monthly installments ceased and all sums became immediately due and payable, and the six-year statute of limitations began to run on the entire mortgage debt; and in light of the uncontroverted fact that the complaint in the 2020 Foreclosure

action was timely filed, the action at bar must be dismissed in its entirety.  This is because the entire request for relief relies upon a faulty premises, that the complaint in the 2020 action seeks to collect upon debt a portion of which Plaintiff claims is time barred.  See Exhibit "N" ¶28.

First, it must be pointed out that the 2020 Foreclosure is in the nature of an action *in rem* seeking to enforce a security interest in the mortgaged property.

Moreover, Plaintiff's theory of the case must fail because it incorrectly assumes that the loan remained payable in installments to claim that some of the installments were due more than six years prior to the commencement of the 2020 Foreclosure. However, as established supra, once the debt was accelerated on December 2, 2013, Plaintiff's right and obligation to make monthly installments ceased and all sums became immediately due and payable, and the six-year statute of limitations began to run on the **entire mortgage debt**.  Since the complaint in the 2020 Foreclosure action was timely filed within the six year statute of limitations on the accelerated debt, the plaintiff in the 2020 Foreclosure is entitled to collect upon the entire mortgage debt.


## POINT II

### THE FDCPA CLAIMS ARE UNTIMELY

Assuming arguendo that the Court does not determine that Plaintiff's FDCPA claims are entirely without merit, there are nevertheless untimely.  The 2020 Foreclosure action was filed March 3, 2020 and Plaintiff answered the foreclosure complaint on March 16, 2020. See Exhibits "J" & "K". The complaint in the action at bar was not filed until March 23, 2021 after the one year statute of limitations applicable to FDCPA claims had already expired.  See 15 USC §1692k(d); Benzeman v. Houslanger & Associates, PLLC, 924 F3d 73 (2nd Cir. 2019).

3

## POINT III

### THE 2020 FORECLOSURE ACTION IS THE APPROPRIATE VENUE FOR DETERMINING THE VALIDITY OF THE PLAINTIFF'S STATUTE OF LIMITATIONS CLAIMS

Prior to the commencement of the action at bar, Plaintiff interposed an answer with counterclaims in the 2020 Foreclosure interposing defenses and counterclaims under both New York State and Federal law including her statute of limitations claims and her GBL §349 claims. See Exhibit "K". Nevertheless, Plaintiff has elected to name that plaintiff in the 2020 Foreclosure as a defendant in the action at bar.

Clearly, the New York State courts are thoroughly familiar with the application of the New York State statute of limitations to mortgage foreclosure actions and will in fact make a determination as to whether there was compliance with the statute of limitations. As such, this action should be dismissed, or at the very least stayed pending the state court determination.

### CONCLUSION

It is respectfully submitted that in light of the foregoing the court should enter an order dismissing the complaint in its entirety.

Dated: Westbury, New York
June 1, 2021

Joseph F. Battista, Esq.
Robertson, Anschutz, Schneid,
Crane & Partners, PLLC
900 Merchants Concourse
Westbury, NY 11590
516-280-7675

4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Persha J. Lettman,

**Docket # 21-cv-01531(DG)(RML)**

                                        Plaintiff,

**<u>AFFIDAVIT OF MAILING</u>**

            -against-

Robertson, Anschutz, Schneid, Crane & Partners,
PLLC, Nationstar Mortgage LLC d/b/a Mr. Cooper

                                        Defendant(s).

STATE OF NEW YORK      )
                                              )ss:
COUNTY OF NASSAU      )

      I, Jesse Harchack, being duly sworn, deposes and says:

      That I am not a party to the action, am over the age of 18 years and reside in the State of New York.

      That on June 1, 2021, deponent served the within amended memorandum of law, by depositing a true copy thereof in a post-paid wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York, addressed to each of the following persons at the last known address set forth after each name:

RAS File #21-048557

Shiryak, Bowman, Anderson, Gill & Kadochnikov, LLP
Attorney for Plaintiff
80-02 Kew Gardens Road, Suite 600
Kew Gardens, NY 11415

Jesse Harchack

Sworn to before me on this 1st
day of June, 2021

NOTARY PUBLIC

Melanie Gottlieb
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01GO6405661
Qualified in Suffolk County
Commission Expires   March 16, 20 24

EXHIBIT D

**Joseph Battista**

| | |
|---|---|
| **From:** | ecf_bounces@nyed.uscourts.gov |
| **Sent:** | Tuesday, June 8, 2021 2:36 PM |
| **To:** | nobody@nyed.uscourts.gov |
| **Subject:** | Activity in Case 1:21-cv-01531-DG-RML Lettman v. Robertson, Anschutz, Schneid, Crane & Partners, PLLC et al Order on Motion for Pre Motion Conference |

This message originated outside of the organization. Use caution when opening attachments, clicking links or responding to requests for information.

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

### U.S. District Court

### Eastern District of New York

### Notice of Electronic Filing

The following transaction was entered on 6/8/2021 at 2:36 PM EDT and filed on 6/8/2021

| | |
|---|---|
| **Case Name:** | Lettman v. Robertson, Anschutz, Schneid, Crane & Partners, PLLC et al |
| **Case Number:** | 1:21-cv-01531-DG-RML |
| **Filer:** | |
| **Document Number:** | No document attached |

**Docket Text:**
ORDER denying [20] Motion for Pre Motion Conference -- After reviewing the parties' letters, the Court has determined that a pre-motion conference is not necessary. The current briefing schedule, set by this Court's May 11, 2021 Order, is AMENDED. Defendant Nationstar shall serve its motion to dismiss on Plaintiff by June 28, 2021; Plaintiff shall serve his consolidated opposition on Defendants Robertson and Nationstar by July 12, 2021; and Defendants Robertson and Nationstar shall serve their replies, if any, on Plaintiff by July 19, 2021, at which point Defendant Nationstar shall file the two fully-briefed motions on ECF in accordance with Individual Practice Rule III(B)(4). If Plaintiff requires additional pages in which to address Defendants' motions to dismiss, he should file a motion indicating how many additional pages are required. *See* Individual Practice Rule III(C). Ordered by Judge Diane Gujarati on 6/8/2021. (Almonte, Kelly)

**1:21-cv-01531-DG-RML Notice has been electronically mailed to:**

Charles H. Jeanfreau, Jr      charles.jeanfreau@mccalla.com

Joseph F. Battista, III     jbattista@rasboriskin.com,

Alex Kadochnikov     akadochnikov@sbagk.com

**1:21-cv-01531-DG-RML ·Notice will not be electronically mailed to:**

EXHIBIT E

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------------X        Case No. *1:21-cv-01531*

PERSHA J. LETTMAN

                      Plaintiff,

        -against-                                    **Declaration**

ROBERTSON, ANSCHUTZ, SCHNEID, CRANE
& PARTNERS PLLC, and NATIONSTAR MORTGAGE
LLC d/b/a MR. COOPER

                    Defendants.

--------------------------------------------------------------X

      I, Alexander Kadochnikov, Esq., an attorney duly admitted to the practice of law in the

Court of the State of New York and this Court, declare the following to be true and correct under

the penalty of perjury:

1. I am a partner at Shiryak, Bowman, Anderson, Gill & Kadochnikov, LLP, counsel for the

   Plaintiff in the above-referenced matter. I submit this Declaration in support of Plaintiffs

   memorandum of law in opposition to defendant Robertson's Amended Motion to dismiss

   plaintiff's complaint and defendant Nationstars motion to dismiss pursuant to

   Fed.R.Civ.P 12(b)(1) and 12(b)(6) ("Memo").

2. The relevant facts regarding the merits are set forth in the accompanying Plaintiff's

   Memorandum of Law

3. Attached hereto as Exhibit 1 is the true and correct copy of Defendant Robertson's

   Memorandum of Law in Support of its FRCP 12(b)(6) motion served on the undersigned

   on June 1, 2021

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing

Declaration is true and correct.

Dated: July 12, 2021

/s/ Kadochnikov

_____

Alexander Kadochnikov, Esq.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
Persha J. Lettman,

          Plaintiff,

  -against-

Robertson, Anschutz, Schneid, Crane & Partners, PLLC,
ıstar Mortgage LLC d/b/a Mr. Cooper,

         Defendants.
--------------------------------------------------------------X

**Docket No.:**
**21-cv-01531(DG)(RML)**

---

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

---

Joseph F. Battista, Esq.
Robertson, Anschutz, Schneid,
Crane & Partners, PLLC
900 Merchants Concourse
Westbury, NY 11590
516-280-7675

## <u>TABLE OF CONTENTS</u>

**PAGE**

**Table of Authorities**                                                                 **iii**

**Point I**

**THE PLAINTIFF'S CLAIMS THAT A PORTION OF THE
DEBT IS BARRED BY THE STATUTE OF LIMITATIONS
ARE INCORRECT ON THE LAW**                                    **1**

**Point II**

**THE 2020 FORECLOSURE ACTION IS THE APPROPRIATE
VENUE FOR DETERMINING THE VALIDITY OF THE
PLAINTIFF'S STATUTE OF LIMITATIONS CLAIMS**      **3**

**Conclusion**                                                                            **4**

## TABLE OF AUTHORITIES

Page

### STATUTES

CPLR §213(4)                                                          1

CPLR §204                                                            2


### CASES

Wells Fargo Bank, N.A. v. Burke, 94 AD3d 980 (2d Dep't 2012)          1

U.S. Bank National Association v. Gordon, 158 AD3d 832 (2d Dep't 2018)   1

EMC Mortgage Corp. v. Patella, 279 AD2d 604 (2d Dep't 2001)          2

Wells Fargo Bank, National Association v. Islam, 193 AD3d 1016 (2d Dep't 2021)   2

Lubonty v. U.S. Bank National Association, 34 NY3d 250 (2019)        2

## POINT I

## THE PLAINTIFF'S CLAIMS THAT A PORTION OF THE DEBT IS BARRED BY THE STATUTE OF LIMITATIONS ARE INCORRECT ON THE LAW

The plaintiff, Persha J. Lettman ("Plaintiff"), in the action at bar executed a note dated April 23, 2008 in the amount of $649,903.00 ("Note").  See Exhibit "A"[1].  The Note provides for payments commencing June 1, 2008 and continuing monthly thereafter until May 1, 2038 when the debt matures.  See Exhibit "A" ¶4.

New York State has a six year statute of limitations applicable to foreclosure actions.  See CPLR §213(4).  With respect to a mortgage payable in installments, separate causes of action accrue for each installment that is not paid, and the statute of limitations begins to run on the date each installment becomes due.  Wells Fargo Bank, N.A. v. Burke, 94 AD3d 980 (2d Dep't 2012); U.S. Bank National Association v. Gordon, 158 AD3d 832 (2d Dep't 2018).

However, in the case at bar the amended complaint at paragraphs 17, 18 & 22 admits that the debt was accelerated by the filing of the 2013 Foreclosure on December 2, 2013 and that said acceleration was not revoked.  See Exhibit "N" ¶17, 18 & 22.

Notably, the loan, given in 2008, was less than six years old when the debt was accelerated in 2013, so there could not possibly have been any payments that were already time-barred at the time the debt was accelerated.

Once the debt was accelerated the "[Plaintiff's] right and obligation to make monthly installments ceased and all sums [became] immediately due and payable, and the six-year statute of limitations [began] to run on the entire mortgage debt." *emphasis supplied*  EMC

---

[1] All exhibits referenced herein are annexed to the Affirmation in Support of Joseph F. Battista, Esq. which is being served and filed herewith.  The Affirmation in Support of Joseph F. Battista, Esq. is incorporated herein by reference.

Mortgage Corp. v. Patella, 279 AD2d 604 (2d Dep't 2001); Wells Fargo Bank, National Association v. Islam, 193 AD3d 1016 (2d Dep't 2021).

In the case at bar, the amended complaint admits that the debt was accelerated on December 2, 2013 and that the acceleration was not revoked. See Exhibit "N" ¶17, 18 & 22. The acceleration of the debt terminated the Plaintiff's right and ability to make monthly installment payments, the full amount due under the note and mortgage became immediately due and payable on December 2, 2013 and the six year statute of limitations to collect on the entire mortgage debt commenced to run as of December 2, 2013. See *Burk, Gordon, Patella* and *Islam* cited *supra*.

The amended complaint admits that the two bankruptcies filed by the Plaintiff resulting in a tolling of the six year statute of limitations for a period of 92 days. See Exhibit "N" ¶27. See also Exhibits "H" & "I". Such tolling is governed by CPLR §204 and applies for the entire duration of the automatic stays imposed by the Plaintiff's bankruptcy petitions. Lubonty v. U.S. Bank National Association, 34 NY3d 250 (2019)

Since the debt was accelerated on December 2, 2013, the six year statute of limitations upon the entire mortgage debt expired December 2, 2019. However, when the 92 days of tolling due to the Plaintiff's bankruptcy filings is added the statute of limitations was extended to March 3, 2020. Plaintiff's amended complaint admits that the 2020 Foreclosure was filed on March 3, 2020 and that such filing was timely. See Exhibit "N" ¶23 & 27.

In light of the well established case law holding that once the debt was accelerated the Plaintiff's right and obligation to make monthly installments ceased and all sums became immediately due and payable, and the six-year statute of limitations began to run on the entire mortgage debt; and in light of the uncontroverted fact that the complaint in the 2020 Foreclosure

2

action was timely filed, the action at bar must be dismissed in its entirety.   This is because the entire request for relief relies upon a faulty premises, that the complaint in the 2020 action seeks to collect upon debt a portion of which Plaintiff claims is time barred.   See Exhibit "N" ¶28.

First, it must be pointed out that the 2020 Foreclosure is in the nature of an action *in rem* seeking to enforce a security interest in the mortgaged property.

Moreover, Plaintiff's theory of the case must fail because it incorrectly assumes that the loan remained payable in installments to claim that some of the installments were due more than six years prior to the commencement of the 2020 Foreclosure. However, as established supra, once the debt was accelerated on December 2, 2013, Plaintiff's right and obligation to make monthly installments ceased and all sums became immediately due and payable, and the six-year statute of limitations began to run on the **entire mortgage debt**.   Since the complaint in the 2020 Foreclosure action was timely filed within the six year statute of limitations on the accelerated debt, the plaintiff in the 2020 Foreclosure is entitled to collect upon the entire mortgage debt.


## POINT II

### THE 2020 FORECLOSURE ACTION IS THE APPROPRIATE VENUE FOR DETERMINING THE VALIDITY OF THE PLAINTIFF'S STATUTE OF LIMITATIONS CLAIMS

Prior to the commencement of the action at bar, Plaintiff interposed an answer with counterclaims in the 2020 Foreclosure interposing defenses and counterclaims under both New York State and Federal law including her statute of limitations claims and her GBL §349 claims. See Exhibit "K".   Nevertheless, Plaintiff has elected to name that plaintiff in the 2020 Foreclosure as a defendant in the action at bar.

Clearly, the New York State courts are thoroughly familiar with the application of the New York State statute of limitations to mortgage foreclosure actions and will in fact make a determination as to whether there was compliance with the statute of limitations.  As such, this action should be dismissed, or at the very least stayed pending the state court determination.

## CONCLUSION

It is respectfully submitted that in light of the foregoing the court should enter an order dismissing the complaint in its entirety.


Dated: Westbury, New York
       May 28, 2021

                              Joseph F. Battista, Esq.
                              Robertson, Anschutz, Schneid,
                              Crane & Partners, PLLC
                              900 Merchants Concourse
                              Westbury, NY 11590
                              516-280-7675

4