# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PERSHA J. LETTMAN,<br><br>Plaintiffs,<br><br>    v.<br><br>RAS BORISKIN, LLC; NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER,<br><br>Defendants. | ***Document filed electronically***<br><br>Honorable Diane Gujarati<br><br>Civil Action No.: 21-cv-01531 BMC |

---

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER'S MOTION TO DISMISS THE AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b) (1) AND 12(b) (6)

---

**MCCALLA RAYMER LEIBERT PIERCE, LLC**

Charles Jeanfreau, Esq.
420 Lexington Avenue, Suite 840
New York, New York 10170
Telephone: 813-639-8146
*Attorneys for Defendant*
*Nationstar Mortgage LLC d/b/a Mr. Cooper.*

# **Table of Contents**

TABLE OF AUTHORITIES ............................................................................................................ iii

SUMMARY OF THE MOTION ..................................................................................................... 1

LEGAL ARGUMENT .................................................................................................................... 3

I.    PLAINTIFF MAY NOT ASSERT THE CONTINUING VIOLATION DOCTRINE TO
      SAVE HIS TIME-BARRED FDCPA CLAIM .................................................................... 3

III.  PLAINTIFF HAS FAILED TO REBUT NATIONSTAR'S ARGUMENT THAT THIS
      COURT SHOUD ABSTAIN FROM DECIDING THIS MATTER .................................. 6

IV.   PLAINTIFF'S FAILURE TO ALLEGE INJURY BARS HER CLAIM PURSUANT TO
      GBL § 349 ......................................................................................................................... 8

CONCLUSION ............................................................................................................................... 9

# TABLE OF AUTHORITIES

## Cases

*Basile v. LC Sys.*,
  2011 U.S. Dist. LEXIS 105932, * 8 (W.D.N.Y. September 19, 2011)      3

*Dittmer v. County of Suffolk*,
  146 F.3d 113, 117 (2d Cir. 1998 ................................................................................. 7

*Gold v. Shapiro*,
  2019 U.S. Dist. LEXIS 169028 (E.D.N.Y.  September 30, 2019)............................................. 4,6

*Hart v. FCI Lender Servs. Inc.*,
  797 F.3d 219, 227 (2d Cir. 2015)................................................................................. 6

*Henson v. Santander Consumer USA, Inc.*,
  137 S.Ct. 1718 (2017) .............................................................................................. 5

*Hines v. HSBC Bank USA*,
  2016 U.S. Dist. LEXIS 141651 (E.D.N.Y. September 30, 2016).................................................. 4

*Izmiliqil v. Select Portfolio Servicing, Inc.*,
  2020 U.S. Dist. LEXIS 71059 (E.D.N.Y April 22, 2020)........................................................... 7

*Kapsis v. American Home Mortg. Servicing*,
  923 F.Supp.2d 430, 441 (E.D.N.Y. 2013) ..................................................................... 6

*Maguire v. Citicorp. Retail Servs. Inc.*,
  147 F.3d 232, 249 (2d Dep't. 1998)............................................................................. 5

*Harris v. Dutchess County Bd. Of Coop. Educ. Servs.*,
  50 Misc. 3d 750 (Sup. Ct. Dch. Cty.  2015)................................................................... 9

*Oliver v. U.S. Bancorp.*,
  2015 U.S. Dist. LEXIS 88713, *6 (S.D.N.Y. July 8, 2015)....................................................... 4

*Smith v, Chase Manhattan Bank, U.S.A., N.A.*,
  293 A.D.2d 598 (2d Dep't. 200................................................................................. 9

*Vill. of Westfield v. Welch's*,
  170 F.3d 116, 121 (2d Cir. 1999).............................................................................. 6

*Weaver v. Siegel*,

2020 U.S. Dist. LEXIS 228258, * 19 (E.D.N.Y. September 20, 2020), *affirmed* 2020 U.S. Dist.
LEXIS 227312 (E.D.N.Y. December 3, 2020) ........................................................................... 3

## Statues and Rules

Fed. R. Civ. P. 12 (b) (1) and 12 (b) (6) ......................................................................................... 1

15 U.S.C. § 1692(a) (6)..................................................................................................................... 5

N.Y. General Business Law § 349 ............................................................................................ 2, 10

## SUMMARY OF THE MOTION

Plaintiff's opposition to Nationstar's motion to dismiss confirms the futility of Plaintiff's Amended Complaint and the need to dismiss this matter pursuant to both Fed. R. Civ. P. 12 (b) (1) and 12 (b) (6). First, Nationstar's main brief demonstrated that the one year statute of limitations barred Plaintiff's Federal Debt Collection Practices Act ("FDCPA") claim since the last act that Plaintiff complains of is the March 3, 2020 filing of the Complaint in the Foreclosure Action and this matter was not commenced until March 23, 2021. Plaintiff's sole argument that the statute of limitations does not bar her FDCPA claim is that Nationstar's maintenance of the Foreclosure Action constitutes a continuing violation of the statute. Plaintiff's argument is contrary to the unanimous decisions of New York federal courts that have rejected the argument that the mere maintenance of a lawsuit constitutes a continuing violation for statute of limitations purposes. Therefore, the statute of limitations bars Plaintiff's claims,

Next, Nationstar demonstrated in its main brief that it was not a "debt collector" for purposes of this lawsuit, but instead was a creditor who could not be held liable under the FDCPA. Critically, Plaintiff does not dispute that Nationstar is a creditor attempting to recover for a debt that it owns. Neither does she contest that Nationstar acquired the Note and Mortgage before it went into default. Instead, Plaintiff merely argues in a conclusory fashion that Nationstar's principal purpose is debt collection based upon letters and licenses identifying it as a debt collector in some contexts. Simply stated, Nationstar's status as a debt collector for some purposes does not render it one in this case where it was clearly an exempt creditor.

Plaintiff also fails to defeat Nationstar's argument that pursuant to the *Colorado River* abstention doctrine the state court should be the entity that decides the issue of the timeliness of Nationstar's foreclosure claims – the issue which is at the base of all of Plaintiff's claims in this

case. Plaintiff offers no basis for this Court to interfere with a state court foreclosure proceeding where the court in that action is duty-bound to decide that state law issue and where the state court action was commenced first. This Court should not accept Plaintiff's invitation to have piecemeal litigation of the limitations issue where the possibility for different rulings exists. The timeliness of Nationstar's claims must be decided under New York law in the Foreclosure Action by the state court judge. Any other result invites chaos from differing outcomes.

Finally, Nationstar demonstrated that this Court should either not exercise supplemental jurisdiction over Plaintiff's GBL § 349 claim when it dismisses the FDCPA claim or should dismiss the section 349 claim because Plaintiff failed to plead any injury,  Plaintiff sidesteps the supplemental jurisdiction argument by presuming that this Court will deny Nationstar's motion to dismiss the FDCPA claims. With respect to the section 349 claim, Plaintiff ignores its failure to plead an actual injury and, instead, argues that Nationstar engaged in consumer-oriented conduct. Plaintiff does not even try to defend its claim that it suffered severe emotional distress based not on the filing of the Foreclosure Action but, instead, because Nationstar sought recovery for amounts incurred between February 2013 and March 2014. Such "damages" claim is patently absurd. Plaintiff's failure to allege any plausible injury that it suffered warrants dismissal of its GBL § 349 claim.

## LEGAL ARGUMENT

## I.  PLAINTIFF MAY NOT ASSERT THE CONTINUING VIOLATION DOCTRINE TO SAVE HIS TIME-BARRED FDCPA CLAIM

Nationstar demonstrated that Plaintiff commenced this action more than one year after the filing of the Foreclosure Action on March 3, 2020. Plaintiff's FDCPA claim accrued on that date for statute of limitations purposes. There is no merit to Plaintiff's attempt to avoid the one-year statute of limitations on her claims by asserting that Nationstar's continuation of the Foreclosure Action extends the limitations period. (Opposing Brief at 11). Plaintiff's continuing violation theory has never been adopted by the Second Circuit Court of Appeals and has been rejected by every district court that has considered an argument similar to Plaintiff's about the continued maintenance of a foreclosure or collection action. *See Basile v. LC Sys.*, 2011 U.S. Dist. LEXIS 105932, * 8 (W.D.N.Y. September 19, 2011).

This Court recently rejected the argument that the continued maintenance of a foreclosure action extended the limitations period in *Weaver v. Siegel*, 2020 U.S. Dist. LEXIS 228258, * 19 (E.D.N.Y. September 20, 2020), *affirmed* 2020 U.S. Dist. LEXIS 227312 (E.D.N.Y. December 3, 2020). Plaintiff in *Weaver* alleged that defendants violated the FDCPA by commencing a 2009 foreclosure action more than one year before filing her FDCPA action. Plaintiff argued in *Weaver* that defendants' continued maintenance of the foreclosure action rendered her FDCPA claim timely. *Weaver*, 2020 U.S. Dist. LEXIS 228258, * 19. The Court rejected this argument and dismissed the FDCPA claim as time-barred. The Court held that "[t]he filing of any one document within a lawsuit does not begin the one-year statute of limitations; rather, an FDCPA clam premised on the fraudulent filing of a debt collection suit begins to run when the complaint is filed or when the debtor receives notice of the action." *Id*.; *See Gold v. Shapiro*, 2019 U.S. Dist. LEXIS

169028 (E.D.N.Y.  September 30, 2019) (holding that only claims that accrued within one year of filing of the FDCPA claim could be asserted).

Similarly, the District Court held in *Oliver v. U.S. Bancorp.*, 2015 U.S. Dist. LEXIS 88713, *6 (S.D.N.Y. July 8, 2015) that the continued prosecution of a foreclosure action did not extend the statute of limitations despite the filing of documents that repeated the allegations of the complaint. According to the *Oliver* Court "[t]he  continued prosecution of the foreclosure or collection suit is not a continuing violation under the FDCPA – if the same alleged misrepresentation is repeated in court filings, the claim accrues on the date of the initial representation." *Id*.

Here, Plaintiff's Amended Complaint asserts that the two collection letters and the Complaint violated the FDCPA because they allegedly sought recovery of some small portion of a debt that she alleges is time-barred. This claim accrued more than one year before the filing of the Complaint and cannot be saved from the statute of limitations by the continued maintenance of the action. Further, even if subsequent pleadings containing the same representations were relevant to the running of the statute of limitations, which they are not, Plaintiff does not even allege that Nationstar has repeated these statements in any subsequent filings or letters.

The only case cited by Plaintiff, *Hines v. HSBC Bank USA*, 2016 U.S. Dist. LEXIS 141651 (E.D.N.Y. September 30, 2016), is entirely consistent with Nationstar's argument., *Hines*, unlike the instant matter, involved ongoing collection efforts in which defendants continued sending collection notices to plaintiff. *Hines*, 2016 U.S. Dist. LEXIS 141651, * 24. The *Hines* Court did not hold that the continuing nature of the collection efforts rendered all of plaintiff's claims timely. Instead, it merely held that it was unable to determine whether some of the collection letters that formed the basis for the FDCPA claim were sent within the limitations period. *Id*. Here, Plaintiff

4

has not alleged that Nationstar has made any communications that violate the FDCPA since the March 3, 2020 filing of the Complaint in the Foreclosure Action – *i.e.* more than one year before she filed the instant action.

Therefore, this Court should dismiss Plaintiff's claims as barred by the applicable one year statute of limitations.

## II.   PLAINTIFF CANNOT ESTABLISH THAT NATIONSTAR IS A DEBT COLLECTOR

Nationstar's moving brief demonstrated that the FDCPA claim should also be dismissed because it was not a debt collector in connection with Plaintiff's Mortgage as required under the statute. (Moving Brief at 12-15). Nationstar demonstrated that as an assignee of the Mortgage it was a creditor and not a debt collector – a party collecting a debt on another entity's behalf. *See Henson v. Santander Consumer USA, Inc.*, 137 S.Ct. 1718 (2017) (holding that assignees who collect debt on their own behalf are not debt collectors for purposes of 15 U.S.C. § 1692(a) (6)); *Maguire v. Citicorp. Retail Servs. Inc.*, 147 F.3d 232, 249 (2d Dep't. 1998) (holding that the FDCPA does not apply to creditors).

Plaintiff's opposition brief does not dispute Nationstar's status as a creditor collecting its own debt or that Nationstar received its assignment before default was declared. (Opposing Brief at 11-14). Plaintiff also concedes by her silence that the second prong of the FDCPA's two pronged definition of a debt collector does not apply to Nationstar – that Nationstar "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692(a) (6), Instead, Plaintiff asserts that Nationstar falls under the first prong of the definition of a debt collector because Nationstar is a "person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts." 15 U.S.C. § 1692 (a) (6). Plaintiff supports this contention solely by claiming that

Nationstar has identified itself in letters as a debt collector and holds licenses in New York as a debt collector.

These documents do not support a finding that Nationstar is a debt collector in this case. As Nationstar demonstrated in its moving brief, a defendant's identification of itself as a debt collector is not dispositive of whether the defendant was acting as a debt collector under the FDCPA. *See Hart v. FCI Lender Servs. Inc.*, 797 F.3d 219, 227 (2d Cir. 2015); *Kapsis v. American Home Mortg. Servicing*, 923 F.Supp.2d 430, 441 (E.D.N.Y. 2013). Further, Plaintiff has offered absolutely no facts to support his contention that debt collection is Nationstar's principal purpose. Thus, this case is no different than the situation in *Gold* where the Court held that conclusory allegations about defendant's principal purpose were insufficient to state a claim that it was a debt collector even assuming *arguendo* that a creditor could also be found to be a debt collector. *Gold*, 2019 U.S. Dist. LEXIS 169028, * 12 (E.D.N.Y. September 30, 2019). Indeed, Plaintiff here does not even allege as plaintiff did in *Gold* that Nationstar derives more than half of its income from debt collection.

Accordingly, this Court should dismiss Plaintiff's FDCPA claim because she has not sufficiently alleged that Nationstar is a debt collector.

## III.   PLAINTIFF HAS FAILED TO REBUT NATIONSTAR'S ARGUMENT THAT THIS COURT SHOUD ABSTAIN FROM DECIDING THIS MATTER

Nationstar's moving brief also demonstrated that this Court should dismiss this action pursuant to the *Colorado River* abstention doctrine. (Moving brief at 15-17). Plaintiff's argument that this case is not parallel to the Foreclosure Action and does not satisfy the six factor test for abstention set forth in *Colorado River* lacks merit. (Opposing brief 14-16); *Vill. of Westfield v. Welch's*, 170 F.3d 116, 121 (2d Cir. 1999) (setting forth the six factors that a District Court must consider to decide whether to abstain from hearing a parallel action).

State and federal actions are parallel when substantially the same parties are concurrently litigating the same issue. *See Dittmer v. County of Suffolk*, 146 F.3d 113, 117 (2d Cir. 1998). There is no question that the same parties are involved in both this action and the Foreclosure Action. Further, the argument that the cases do not require both courts to decide substantially the same issue is mistaken. *Izmiliqil v. Select Portfolio Servicing, Inc.*, 2020 U.S. Dist. LEXIS 71059 (E.D.N.Y April 22, 2020) (holding that proposed claim was parallel to defense in state foreclosure action). This case is not analogous to *Gold* where the Court held that the FDCPA claim was not parallel to the state foreclosure claim. *Gold*, 2019 U.S. Dist. LEXIS 169028, * 23, n. 12. The FDCPA claim in *Gold* involved a challenge to the manner in which the alleged debt collector was attempting to collect the debt. The issue of the propriety of the notices provided to plaintiff was not involved in the foreclosure action in which he was a defendant. *Id*. In sharp contrast, both the court in the Foreclosure Action and this Court must determine the timeliness of Nationstar's claim for mortgage payments that came due between February 2013 and March 2014.  Where, as here, both cases involve the same core of operative facts and the same core legal assertion, Plaintiff cannot avoid the conclusion that the cases are parallel merely by wrapping her claims in the language of federal statutes.

Plaintiff also misapplies the six factors required to determine *Colorado River* abstention. She ignores the fact that the state court has acquired jurisdiction over the Property and that the Foreclosure Action was filed more than one year before the commencement of this action. There is also no doubt that the critical issue herein of the timeliness of all of Nationstar's claim must be decided under New York law. Nationstar submits that the entire amount that it seeks in the Foreclosure Action is timely because the action was brought within six years of the initial December 2, 2013 acceleration of the Mortgage as extended by the bankruptcy filing and the period

when Nationstar had obtained a Judgment of Foreclosure and Sale in the First Foreclosure Action.[1]

However, this Court is not the appropriate venue to decide the timeliness of Nationstar's claims.

That determination requires the application of New York law as to both the date of the acceleration

of the Mortgage and the various tolling rules arising under New York law. Thus, the need for the

application of state law strongly favors abstention.

Further, the likelihood of inconsistent results demonstrates that this piecemeal litigation

should be dismissed. The New York Court in the Foreclosure Action must decide the various issues

involving the application of the statute of limitations when it decides Nationstar's claims. At best,

this Court would merely echo the rulings of the New York state court. However, there exists the

possibility that this Court might reach a different determination if it decides whether a small part

of Nationstar's claims were time-barred. Such a ruling would undermine the state court's

determination of the limitations issue. This Court should not entertain an action that is designed to

ask this Court to reach a different result than the state court on a matter of New York law.

Therefore, this Court should abstain from exercising jurisdiction over this matter based

upon *Colorado River* abstention and should dismiss the Amended Complaint.

## IV.   PLAINTIFF'S FAILURE TO ALLEGE INJURY BARS HER CLAIM PURSUANT TO GBL § 349[2]

Nationstar established in its moving brief that Plaintiff had not asserted a viable section

349 claim because, among other things, she had not alleged a claim that she suffered injury as

required under New York law. (Moving Brief at 19-21). New York courts have routinely dismissed

---

[1] Nationstar agrees with defendant Robertson, Anschutz, Schneid, Crane & Partners PLLC that all of the claims asserted in the Foreclosure Action are timely. However, Nationstar does not believe that this Court is the appropriate venue to adjudicate that issue.

[2] For purposes of this section only, we assume that the Court has not dismissed the FDCPA claim and has decided to exercise supplemental jurisdiction over the GBL § 349 claim. However, based upon the legal deficiencies with the FDCPA claim, Nationstar asserts that the Court should not hear the state law claim. We rely on the argument in our moving brief as to why this Court should decline supplemental jurisdiction over the section 349 claim.

section 349 claims when the plaintiff fails to allege an actual injury and have made it clear that unsubstantiated claims of emotional distress do not suffice as a demonstration of actual injury. *See Smith v, Chase Manhattan Bank, U.S.A., N.A.*, 293 A.D.2d 598 (2d Dep't. 2002) (affirming dismissal of section 349 claim for failure to plead actual injury); *Matter of Harris v. Dutchess County Bd. Of Coop. Educ. Servs.*, 50 Misc. 3d 750 (Sup. Ct. Dch. Cty.  2015), *aff'd* 170 A.D.3d 910 (2d Dep't 2010) (holding that emotional distress damages were not an actual injury under section 349).

Plaintiff does not respond to this argument. Instead, she asserts that she has sufficiently alleged that Nationstar engaged in consumer-related conduct. (Opposing Brief at 16-17).[3] The reason for Plaintiff's silence is obvious. Plaintiff cannot offer a good faith argument that she suffered emotional distress based on the alleged FDCPA allegations. She cannot possibly allege that she suffered emotional distress not from being a defendant in the Foreclosure Action but only from Nationstar seeking to recover the additional few months of payments that she claims is time-barred. She also cannot claim any financial injury because she has not paid any portion of this amount.

Therefore, this Court should dismiss the baseless GBL § 349 claim based upon Plaintiff's failure to allege that she suffered any injury,

## CONCLUSION

For all the foregoing reasons and those set forth in Nationstar's main brief, this Court should dismiss Plaintiff's claim under the FDCPA. This Court should decline to exercise supplemental jurisdiction over the remaining state law claim that Plaintiff has asserted against Nationstar. Alternatively, this Court may dismiss the state law claim with prejudice as Plaintiff has

---

[3] Nationstar relies upon its moving brief for its argument that the section 340 claim should be dismissed for failure to allege consumer-oriented conduct.

failed to plead a claim pursuant to <u>N.Y. General Business Law</u> § 349.

Respectfully submitted,

McCalla, Raymer, Leibert & Pierce, LLC.
*Attorneys for Defendant*
*Nationstar Mortgage LLC d/b/a Mr. Cooper*

Dated: July 19, 2021                    By: /s/ *Charles H. Jeanfreau*

Charles Jeanfreau, Esq.

10